## LEVI CRAM *vs.* GEORGE SHERBURNE.

In an action of assumpsit against the drawer of an order for the payment of money, where the only count in the declaration is one setting forth the order, and averring presentment and notice: a Judge of the Court of Common Pleas has power to permit an amendment during the trial and after the argument of the defendant's counsel to the jury, by inserting another count for money had and received.

Where the defendant had drawn an order on a third person requesting him to pay the plaintiff a sum of money in three days; and where it appeared in evidence, that the defendant, one month afterwards, was informed that the order was not paid, and that thereupon he took the order to obtain payment of it, and brought it back again saying, that he could not obtain payment then, but that there should be no difficulty about it, and that he would pay it himself; *it was held,* that an instruction to the jury, that if they were satisfied, that such promise was made with a knowledge of all the facts, they might return a verdict for the plaintiff, was not erroneous.

EXCEPTIONS from the Court of Common Pleas.

The action was *assumpsit* on the following order.

" *Messrs. E. & S. Smith,*

For value received of *Levi Cram* pay him or bearer forty-one dollars and twenty-four cents in three days, and place the same to my account.

Yours, &c., *George Sherburne.*

*December* 20, 1833.

The plaintiff proved, that the order was executed in the office of the plaintiff's attorney, who at the request of the plaintiff carried it to *S. Smith,* one of the firm of *E. & S. Smith,* and requested him to give a draft on some Bank in *Bangor,* where the transaction took place, and *Smith* declined, but said he would give his note, which was refused, and the order was retained for about a month, when the attorney saw the defendant, and informed him that the order was not paid. The defendant replied, that there should be no difficulty about it; that he would take the order and get the money, that he did take the order, carried it away, and soon after returned with it, saying that *Smith* declined paying it, and also said, that he would pay it himself and that there should be no difficulty about it; and that the attorney a short time before the commencement of this suit again saw the defendant, who informed him, that *Smith* would defend an action, if one was brought. The counsel for the defendant contended, that the action could not be

supported on this evidence. The declaration was against the defendant, as drawer, and averred a presentment for acceptance, refusal, and notice. After the argument on the part of the defendant, the Court permitted the plaintiff's counsel to file a new count for money had and received, the defendant objecting thereto. The trial was before *Whitman C. J.*, who instructed the jury, that it was competent for the defendant to waive the demand and notice, and that they would judge from the evidence in the case, whether the defendant had not waived the demand of the order, and notice of nonpayment, and had promised to pay it, well knowing all the facts; and that if they were so satisfied, they would return a verdict for the plaintiff. The verdict was for the plaintiff, and the defendant excepted to the ruling of the Judge, and to his granting the amendment.

*Rogers*, for the defendant, contended, that to support an action, on a paper of this description, a presentment and notice must be proved to have been seasonably made. 6 *Mass. R.* 524; 2 *Greenl.* 121; *Bayley on Bills*, 124. Here was no evidence of either within the proper time. Nor was there any waiver of either demand or notice. If there had been such evidence, the action would not have been maintained, because this was not set out in the declaration, as an excuse for not making them. Nor is the defendant liable on an express promise to pay, because it was made under a mistake of the facts; and such promise is not binding in law, nor should it be. There was no evidence of knowledge by the defendant of the laches of the plaintiff, and nothing on which the construction was predicated, and nothing for the jury to decide. 4 *Mass. R.* 341; 12 *Mass. R.* 52; 5 *Johns.* 375; 12 *Johns.* 423; 16 *Johns.* 152; 2 *Mason*, 241; *Bayley on Bills*, 187; *Chitty on Bills*, 240; 9 *Mass. R.* 408; *ibid*, 332; 8 *Johns.* 384; 5 *Wheat.* 277; 7 *Mass. R.* 449. As to the amendment, it is rather too late in the proceedings to grant the plaintiff liberty to insert a new cause of action, when he had nothing to support the one declared on.

*J. Godfrey*, for the plaintiff, contended, that the defendant had the power to waive demand and notice, and that the instruction on this subject was right; and cited *Chitty on Bills*, 232; 2 *N. H. Rep.* 340; 12 *Mass. R.* 52; 5 *Pick.* 436.

The discretionary power to grant amendments by the Court of Common Pleas is not the subject of exception. The Court has power to grant amendments of this character, even after verdict, or order of nonsuit. 4 *Pick.* 422; *ibid,* 341; 3 *Pick.* 446; 5 *Pick.* 425; 8 *Pick.* 83.

The opinion of the Court, after a continuance *nisi,* was drawn up by

WESTON C. J. — We entertain no doubt it was within the discretion of the Judge, at the time he did, to allow the plaintiff to amend his declaration, by filing a new count for money had and received; and that exceptions do not lie, upon the exercise of such a discretion.

The law is very clearly settled, as is conceded by the counsel, that if the drawer promise to pay, with a full knowledge of all the facts, notwithstanding laches in the holder, he becomes legally liable. Such a promise by the defendant, with such knowledge, has been found by the jury. It is, however, insisted, that there is no evidence, that the defendant knew, that the plaintiff had been guilty of laches; and that therefore the Judge was not justified in leaving it to the jury to find such knowledge. We think otherwise. The defendant knew that no notice had been given to him that the note was not paid, until a month after it was drawn, although it was payable in three days. And his conduct is evidence, that he knew the order had not been demanded at its maturity; for he himself undertook at that time, to make the demand for the plaintiff of the drawer, who declined to pay it. He knew this demand was unseasonable, notwithstanding which, he expressly promised the plaintiff to pay him the amount of the order. The demand made by the defendant, was either made by him, as the agent of the plaintiff, the holder, or it is evidence that he undertook to do it himself, waiving his right to require, that it should be done by the plaintiff. And in either case, it is evidence by necessary implication, of a waiver of notice of nonpayment from the plaintiff.

It is further urged, that the plaintiff, having averred demand and notice, was bound to prove it. In *Taunton Bank* v. *Richardson et al.* 5 *Pick.* 436, the Court held, that waiver of notice is equivalent to actual notice, and is properly proved on the allegation of

actual notice. Upon the same principle, there seems to be no sufficient reason, why proof of waiver of demand should not be regarded as equivalent to proof of demand. But it is not necessary to give an opinion upon this point; as we are satisfied that upon the facts, the plaintiff is entitled to recover, upon the count for money had and received.

*Exceptions overruled.*